UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MOHAMMED SAIFUL ISLAM,<br><br>    Plaintiff,<br><br>v.<br><br>Mr. PATRICK KENNEY, (Deportation Officer), Mr. JIM GRIZZELL, (Deportation Officer), and U.S. IMMIGRATION & CUSTOMS ENFORCEMENT,<br><br>    Defendants. | Civil No. 06-3446 (JNE/SRN)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff commenced this action on August 23, 2006, by filing a self-styled complaint, and an application seeking leave to proceed in forma pauperis ("IFP"). (Docket Nos. 1 and 2.) Two days later, Plaintiff filed another document, (Docket No. 4), which apparently was intended to be a supplement to his original pleading. Upon examining Plaintiff's initial submissions, the Court concluded that Plaintiff should not be allowed to pursue this action unless he filed an amended complaint that set forth all of his claims for relief, against all intended Defendants, in a single integrated pleading. The Court therefore entered an order, dated September 7, 2006, (Docket No. 5), which required Plaintiff to file an amended complaint by no later than September 29, 2006. The order expressly advised Plaintiff that if he did not file a new pleading by that date, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

The deadline for complying with the Court's order of September 7, 2006, has now passed, and Plaintiff has not yet filed an amended complaint. The Court notes, however, that the Clerk of Court has received a letter from Plaintiff, (Docket No. 7), which appears

to have been written in response to the prior order.  Plaintiff's letter indicates that he is currently residing in Bangladesh, he is unable to retain an attorney to represent him, and he has no plans to file anything further in this case.  Although it appears that Plaintiff would like to pursue this action, his letter clearly indicates that he will not be filing a new pleading at this time.

While the Court is sympathetic to Plaintiff's circumstances, this case cannot proceed based only on his current submissions.  Those submissions are deficient, because they do not adequately identify the claims that Plaintiff is attempting to advance, the parties he is attempting to sue, or the factual or legal grounds for his claims, (whatever they may be).  Plaintiff has been given an opportunity to correct those deficiencies, but he has not done so.

Because Plaintiff has not filed an amended complaint within the time limit set by the prior order, and he has suggested, (quite clearly), that he will not be filing any new pleading in the foreseeable future, the Court now recommends, in accordance with the prior order, that this action be summarily dismissed pursuant to Fed. R. Civ. P. 41(b).  See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").  It will be recommended that this action be dismissed without prejudice, however, so that the judgment of dismissal will not preclude Plaintiff from seeking relief, (hopefully with the assistance of counsel), in some future action.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

2

    1. Plaintiff's Application To Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u>, (Docket No. 2), be **DENIED**;

and

    2.  This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: October 24, 2006

    s/ Susan Richard Nelson
    SUSAN RICHARD NELSON
    United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 9, 2006** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.